**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher John Benedetto, ) | No. CV 05-1611-EHC (ECV) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph Arpaio, ) | |
| Defendant. ) | |

Pending before the Court is Plaintiff's Second Amended Complaint (Doc. #9). On August 2, 2005, Magistrate Judge Voss issued an Order (Doc. #8) authorizing Plaintiff to file a Second Amended Complaint, which Plaintiff filed on August 12, 2005. The Second Amended Complaint (Doc. #9) contains the same four counts as the original Complaint (Doc. #1) plus additional claims in Count V. This Court issued a Screening Order (Doc. #4) addressing the original Complaint on June 22, 2005. The Court dismissed Plaintiff's alleged violations of <u>Hart v. Hill</u>, No. CIV 77-0477-PHX-EHC (D.Ariz.), but found that the underlying constitutional claims adequately stated a claim and ordered Defendant to answer. Defendant filed his Answer (Doc. #10) to the original Complaint on September 12, 2005. Having already screened all but Count V of Plaintiff's Second Amended Complaint, this screening order will be limited to that count.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

1 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
2 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
3 may be granted, or that seek monetary relief from a defendant who is immune from such
4 relief. 28 U.S.C. § 1915A(b)(1), (2).

5 In Count V of Plaintiff's Second Amended Complaint, he alleges that Defendant
6 Arpaio violated the Eighth Amendment prohibition against cruel and unusual punishment
7 when jail personnel failed to provide adequate dental care after one of his teeth broke.
8 Plaintiff alleges that as a result of his tooth breaking, his gums bled, became infected and
9 swelled up. He claims that despite repeated requests to jail personnel, more than 60 days
10 have passed and he still has not received any dental care. Plaintiff does not identify or name
11 as defendants the individuals who failed to respond to his requests for dental care. However,
12 in another section, Plaintiff alleges that Defendant Arpaio has established policies and
13 procedures that resulted in the violation of his constitutional rights. The Court therefore
14 finds that Plaintiff's allegations adequately state an Eighth Amendment claim for deliberate
15 indifference to medical needs and an answer will be required. See Monell v. New York City
16 Dept. of Social Services, 436 U.S. 658, 690-91 (1978) (To establish municipal liability, a
17 plaintiff must go beyond the *respondeat superior* theory of liability and show that the alleged
18 constitutional deprivation was the product of a policy or custom of the local governmental
19 unit.).

20 Plaintiff also alleges that these same facts establish a violation of Hart v. Hill and a
21 due process violation. For the same reasons set forth in the initial screening order, Plaintiff
22 cannot seek to enforce Hart v. Hill in this civil rights action and that claim will be dismissed.
23 Additionally, Plaintiff's allegations fail to support a due process violation and that claim will
24 also be dismissed.

25 **IT IS THEREFORE ORDERED:**

26 That Plaintiff's Hart v. Hill and due process claims in Count V of his Second
27 Amended Complaint are dismissed;

28

1  That, if he has not done so already, Plaintiff shall serve his Second Amended
2 Complaint pursuant to Rule 5 of the Federal Rules of Civil Procedure by mailing a copy to
3 Defendant's attorney; and
4  That Defendant shall answer the Second Amended Complaint within twenty (20) days
5 of the date it is received or the date this order is filed, whichever is later.

7  DATED this 26th day of October, 2005.

*[signature: Earl H. Carroll]*
Earl H. Carroll
United States District Judge